**16 CV 4279**

Juel Roundtree and Angelique Ellis ⫶ Civil Complaint
‑against‑ ⫶ Civil Action
NYC, NYPD, Lt. Chen of Midtown South Pct, et al; ⫶ Jury trial demanded

Take notice, the plaintiffs, Juel Roundtree and Angelique Ellis hereby appear in this action Pro‑se, and demand that all papers be served upon them, at the addresses below in this matter.

Juel Roundtree #3491505881
(GRVC) 09‑09 Hazen st.   East Elmhurst, N.y. 11370
‑and‑
Angelique Ellis (347)634‑6797 / 36‑20744 P.A.C.C.
                                    N.y., N.y. 10129

Plaintiffs, Juel Roundtree and Angelique Ellis, complaining of the defendants, The City of New York, the NYPD, Lt. Chen, Jane Doe#1, John Doe#1 through 4, collectively referred to as the Defendants, upon information and belief alleges as follows:

<u>Nature of the Action</u>

1. This is an action at law to redress the deprivation of rights secured to the plaintiff(s) under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, priveleges, and immunities secured to the plaintiff(s) by the 4th, 5th, and 14th Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 (and 1985), (and arising under the law and statutes of the State of New York).

(1)

## Jurisdiction

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom, and usage of a right, privelege and immunity secured to the plaintiff(s) by the 4th, 5th, 6th, and 14th Amendments to the Constitution of the — United States.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's Jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. — § 1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions and injuries that form the basis of plaintiff's claims under applicable state and city laws.

4. As the deprivation of rights complained of herein occurred within the Southern District of New York, Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## Satisfaction of Prerequisite for Suit

5. All conditions precedent to the filing of this action have been complied with. On March 05, 2016, after the termination of docket # 2012 NY016293, the Case of the actual false arrest and other claims alleged in this complaint arose, plaintiff is serving the Southern District of New York with this 1983 action.

6. Plaintiff(s) are applying for waiving and/or deferment of fees und 28 U.S.C. § 1915 (a)(1), In Forma Pauperis (IFP) status.

7. This action pursuant to New York State and City law, has been commenced within the time allowed after the docket #2012NY016293, was decided in favor of the plaintiff Juel Roundtree under C.P.L. 30.30.

## Parties

8. Plaintiff(s) reside in and are residents of New York State.

9. The actions which form the basis for this case all took place in Manhattan NYC, within jurisdiction of the Southern District of New York.

10. Defendants "Jane Doe #1" and "John Doe" #1 through 4 are unknown police officers for the City of New York, acting under color of state law, and are being sued in their individual and official capacity.

11. The Defendant, City of New York is a municipality in the state of New York and employs the Defendant Police Officers.

## Factual Allegations Common To All Causes of Action

12. On or about 12:30 Am, February 27, 2012, plaintiff(s) were walking north on 9th Avenue at leisurely pace—

(3)



towards the southeast corner of 40th street and 9 Ave, with his wife and friends, not engaged in any crimes prior to the above time or after, nor were there any reports of any crimes at that location in progress.

13. At above mentioned time, Plaintiff(s) were assaulted by Lt. Chen and several other officers, from NYPD under his command without provocation or probable cause.

14. On said date and time, Lt. Chen (with his hand on his weapon) stopped by force and interrogated the Plaintiff(s) and Companions as to their reason for being in a public place, walked a few feet away, picked up some refuse, and falsely accused Plaintiff(s), and companions of drinking public.

15. At 12:35 Lt. Chen asked the group, including the Plaintiff(s) to produce I.D., which they all did promptly. As Lt. Chen inspected "Juel Roundtree's" I.D. (A NY State Fireguard License), he stated "I don't like this I.D., give me another 1!" I replied "no problem", can have my other I.D. back?", and as I passed him another I.D., he yelled "lock this fat nigger, the fuck up!!", and then ordered the 4 unknown officers to arrest "Juel Roundtree" without probable cause.

16. At the above said time, Plaintiff asked why he was being handcuffed, and was told "shut the fuck up!", and roughly pushed toward vehicle while officer(s) tightened the cuffs, so tight his hands went numb, and bent his arms almost to the breaking point. At no time, before or after was Plaintiff read his "Miranda Rights".

(4)

17. Plaintiff "Angelique Ellis", and companions pleaded with the officers, and "Jane Doe #1", grabbed and shoved Plaintiff (A. Ellis), elbowed her in the side, while yelling in her face various expletives.

18. At above said time... Lt. Chen grabbed "Angelique Ellis", by her arm, threatening her with violence and his "chemical weapon".

19. As "Juel Roundtree", was cuffed, the unknown officers hit him in the back, jostled him, attempted to trip him to the floor, and slammed him into the side of a vehicle, forcing him inside.

20. At approx. 12:55 AM, Plaintiff was forceably transported to the Midtown South Precinct, strip searched, and left in a holding cell, disgustingly dirty, with no water, feces on the toilet, and no phone call to contact a lawyer or family.

21. Plaintiff languished 14 hours in extreme pain from "excessive force", denied medical attention for such, not provided food or water for the duration of his time there.

22. At no time prior to or during the above events was there probable cause to arrest the Plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

23. At no time did any defendant(s) take any steps to intervene in, prevent or otherwize limit the misconduct engaged in by the defendants against the plaintiffs.

24. The defendant officers intentionally and deliberately gave false statements, and or falsified public records, as well as, failed to file accurate or corrective statements, or otherwize failed to report the conduct of the defendants who



engaged in the misconduct described herein as required.

25. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

26. The false arrest of plaintiffs, plaintiffs wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless, and in bad faith.

27. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, priveleges, and immunities under the Fourth and Fourteenth amendments to the United States Constitution and the laws of the City of New York and the State of New York.

28. Defendant City of New York, as a matter of policy and practice, has with deliberate indifferance failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in racist, discriminatory, and or unlawful conduct.

29. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

30. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations

of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

31. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissable searches, arrests and detentions, and manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiffs' arrest.

32. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

33. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

34. In an order dated Nov. 25, 2009, in Colon v. City of New York, 09 CV 0008 (EDNY), the court held that:
Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other Federal and State Courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York Police Department. Despite numerous inquiries by Commissions and strong reported efforts by the

present administration — through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid Constitutional violations, and strong disciplinary action within the department — there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

35. That on more than half of the occasions where the Civilian Review Board refers substanciated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

36. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals Constitutional rights in general, and caused the violation of plaintiffs rights in particular.

37. The actions of all defendants, acting under color of state law, deprived plaintiff of his rights, priveleges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and   from malicious prosecution, abuse of process, and the right to due process.

38. By these actions, defendants have deprived plaintiff of rights secured by the 4th, 5th, and 14th Amendments to the United States Constitution, in violation of 42 U.S.C. section 1983.

39. This action has been commenced within 3 years of the termination

and dismissal of docket #2012NY016293 upon which the claim is based.

As a first Cause of Action: Against Each Defendant Officer False Arrest and False Inprisonment Under 42 U.S.C. §1983 / New York State Law

40. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. The arrest, detention and imprisonment of plaintiffs were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiffs arrest or subsequent detention.

42. As a result of plaintiffs false arrest and inprisonment, they have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, were prevented from attending to their necessary affairs, have incurred legal expenses, failed in paying bills and otherwize damaged in character and reputation.

43. Consequently, plaintiffs have been damaged and hereby demands compensatory and punitive damages in the amount of $450,000, and/or an amount to be proven at trial against each of the defendants, individually and severally.

44. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant city is vicariously liable for the defendant officers acts as described above.

45. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

(9)

As a Second Cause of Action: Against Each Defendant Officer - Malicious Prosecution Under 42 U.S.C. - §1983 / New York State Law

46. By this reference, plaintiff(s) incorporate each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. The commencement and continued prosecution of the criminal judicial proceeding against plaintiff "Juel Roundtree," including the arrest, the imprisonment, and the charges against him were committed by or at the insistance of the defendant officers without probable cause or legal justification, and with malice.

48. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

49. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

50. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

51. That the defendant officers were directly involved, acted with malice, and lacked probable cause in continuing criminal proceedings against the plaintiff.

52. That the defendant officers misrepresented and falsified evidence to prosecutors in the New York County D.A.'s Office and throughout all phases of the criminal proceedings.

53. That the defendant officers misrepresented and withheld exculpatory from these same prosecutors and also did not make a complete statement of facts during these proceedings.

54. The criminal judicial proceeding was dismissed on March 19, 2013,

and terminated in the plaintiff's favor.

55. The arrest, imprisonment and prosecution of the plaintiff was malicious, and unlawful, because plaintiff had committed no crime and there was no probable cause to believe so.

56. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the court against plaintiff were false and untrue.

57. As a consequence of the malicious prosecution by defendant officers, plaintiff "Joel Rountree" suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in the amount of $450,000, and/or an amount to be determined at trial, against defendant officers, individually and severally.

58. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by — 42 U.S.C. Section 1983, and the 4th and 14th Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy as set forth above.

59. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment of NYPD officers. These acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, said — defendants acted willfully, knowingly, and with specific intent to deprive plaintiff(s) of their constitutional rights secured by 42 U.S.C. Section 1983, and by the 4th and 14th Amendment to the United States Constitution.

(11)

As a Third Cause of Action: Against Each Defendant Officer
Excessive Force Under 42 U.S.C. § 1983/NYS Law

60. By this reference, the plaintiff(s) incorporate each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61. The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's Constitutional rights.

62. As a result of the aforementioned conduct of the defendant officers, the plaintiff(s) was subjected to excessive force, resulting in serious and severe injuries.

63. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff(s) suffered serious personal injuries, and their constitutional rights were violated. Plaintiff(s) hereby demand compensatory and punitive damages in the amount of $450,000, and/or an amount to be determined at trial, against all defendants individually and severally.

As a Fourth Cause of Action: Against Each Defendant Officer
Failure to Intervene    Under 42 U.S.C. § 1983/NYS Law

64. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though set forth herein.

65. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above, despite having had a realistic and reasonable chance to do so.

66. As a consequence of the defendant officers individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, -

depression, loss of wages, personal injuries, and his constitutional rights were violated. Plaintiff hereby demands Compensatory and Punitive damages in the amount of $450,000, and/or an amount to be determined at trial, against the defendant officers, individually and severally.

As a Fifth Cause of Action: Against Each Defendant Officer Denial of a Constitutional Right TO A Fair Trial, Due to Falsification & Fabrication of Evidence. Under 42 U.S.C. § 1983/NYS Law

67. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

68. Each defendant officer created false evidence against the plaintiff "Juel Roundtree", and also forwarded the false information and evidence to the prosecutors in the New York County D.A.'s Office.

69. Each defendant officer was directly involved in initiating criminal proceedings, in also the protracted continuation of said criminal proceedings against the plaintiff, and lacked probable cause to do so.

70. Each defendant officer acted with malice initiating and the continuation of criminal proceedings against the plaintiff.

71. Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceedings and also to the prosecutors of the New York County D.A.'s Office, as-well as withheld exculpatory evidence.

72. Each defendant officer did not make a complete statement of facts to the prosecutors in the New York County D.A.'s Office.

73. By creating false evidence against the plaintiff(s); - forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the "Due Process Clause" of the 5th and 14th Amendments to the United States Constitution.

74. As a Consequence of the defendant officer's actions, the plaintiff(s)

(13)

suffered loss of liberty, humiliation, mental anguish, depression, loss of wages, and their constitutional rights were violated. Plaintiff hereby demands compensatory and punitive damages in the amount of $450,000, and/or an amount to be determined at trial, against each defendant officer, individually and severally.

As a Sixth Cause of Action Against All Defendants: False Arrest, False Imprisonment, Malicious Prosecution, Excessive Force and Unlawful Search Pursuant to Article 1, Section 12, Of the New York State Constitution

75. By this reference, the plaintiff(s) incorporate each and every allegation and averment set forth in paragraphs 1 through 74 of the complaint as though fully set forth herein.

76. The above described respective assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention, and malicious prosecution of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing plaintiff's arrest, summary punishment, and subsequent detention.

77. As a result of the above described assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention, and prosecution, the plaintiff(s) were caused to suffer loss of liberty, personal injuries, humiliation, great mental and physical anguish, embarrassment, and scorn among those who know them; was prevented from attending to their necessary affairs, and has been otherwise damaged in his character and reputation.

78. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in the amount of $450,000, and/or an amount to be proven at trial against the defendant officers, individually and severally.

79. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant city is vicariously liable for the defendant officers acts as described

above.

## As a Seventh Cause of Action Against The Defendant City of New York: Municipal Liability Under 42 U.S.C. §1983

80. By this reference, plaintiffs, incorporate each and every allegation and averment set forth in paragraphs 1 through 79 of this complaint as though fully set forth herein.

81. The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

82. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

83. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the city of New York and it's police department.

84. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and it's police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting and unreasonably harrassing and brutalizing innocent members of the public, despite the lack of probable cause to do so.

b. manufacturing and falsifying evidence against individuals allegedly involved in illegal activities.

c. Unlawfully searching and detaining people and/or seizing their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband.

d. arresting innocent people to meet productivity goals (i.e. arrest quotas).

85. The aforesaid event was not an isolated incident. The-

city and it's police commissioner has been aware for some time, from lawsuits, notice of claim, Complaints filed with the civilian Complaint Review Board, and judicial ruling suppressing evidence and finders officers incredible as a matter of law, that a disturbing number of their police officers unlawfully searching citizens and seizing property, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the city and it's police commissioner have allowed policies and practices that allow the aforementioned to persist.

86. For example, the well documented failures of the Civilian complaint review board, a city agency, to substantiate obviously meritous Citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complaints have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the "CCRB" virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once, finding misconduct by an Officer.

87. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Dept. Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under utilized. Furthermore, in the extraordinary rare event, such as the matter at bar, that the CCRB substantiates CCRB-

(16)

a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on almost all occasions.

88. Further, the City and it's police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without the notification improper search and seizure practices and incredible testimony go uncorrected.

89. Additionally, according to a report of the New York City Bar association issued in 2000, the City and Kelly have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was "a total disconnect" between the settlements of even substantiated substantial civil claims and police dept. action against officers.

90. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the court stated, inter alia, that "informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated widespread falsification by arresting officers of the New York City Police Department", and "there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged."

91. The aforementioned customs, policies, usages, practices and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered

by the plaintiff as alleged herein, and deprived plaintiff of the following rights, priveleges and immunities secured to him by the constitution of the United States:

a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the 4th and 14th Amendments to the Constitution of the United States.

b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law and the right to equal protection of the laws, secured to him by the 5th and 14th Amendments to the Constitution of the United States.

c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

d) The right to be free from excessive force.

92. As a result of the actions of the defendants the plaintiff was deprived of his rights, priveleges, and immunities secured by the United States Constitution, in particular the 4th, 5th, and 14th Amendments, in contravention of 42 U.S.C § 1983 and the laws of New York State, and New York City without just or legal cause when defendant City of New York, by it's employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty with due process of law.

93. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's Constitutional and Civil rights, and the City of New—

(18)

York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

93. The actual principal/agent relationship between the defendant City of New York and the defendant Officers was created by the fact they were employees of defendant City, and the City had right to, and it did indeed regulate and control the activities and conduct of defendant Officers.

94. The defendant officers actions were vicious, wicked, cruel, cold hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full Knowledge that the charges were false and untrue.

## As an Eigth Cause of Action Against All Defendants: Negligence

95. Plaintiff repeats and realleges paragraphs 1 through 94 as if each paragraph is repeated verbatim herein.

96. As a direct and proximate result of the negligent acts and/or ~~acts~~ omissions of the defendants as set forth herein, the plaintiff(s) suffered physical injury, concious pain, and suffering, medical conditions, expenses, and mental anguish.

97. That by reason of said negligence, the plaintiff(s) suffered and still suffers pain, agony, and mental anguish. Plaintiffs experienced great financial —

(19)

difficulty, and loss of wages, and were deprived of pursuits and interests and this may be permanent. The defendant officers were at all material times acting within the scope of their employment, and as such, the City defendant is vicariously liable for the defendant officers acts as described above.

98. This Cause of Action, upon information and belief, falls within one or more of the exceptions of CPLR 1602; ~~Where~~ Wherefore, plaintiff(s) — respectfully requests judgement against the Defendants as follows:

1. For Compensatory damages against all defendants in the amount of $4,500,000, and/or an amount to be proven at trial.

2. For exemplary and punitive damages against all ~~defendardant~~ defendants in the amount of $4,500,000, and/or an amount to be proven at trial.

3. For cost of suit herein, including plaintiff(s) reasonable attorney's fees; and;

4. For such other further relief as the court deems proper.

Plaintiffs 1. _Guel Rams_ (GRVC)09-09 Hazen st.

3/5/16    E. Elmhurst, N.Y. 11370

2. Angelica Ellis   36-20744 P.A.C.C.

NY NY 10129

(20)

Joel Rountree #349150588

(GRVC) 09-09 Hazen St

E. Elmhurst, N.Y. 11370

USMP3
SDNY

Southern District of New York

U.S. Dist. Court

500 Pearl St Pro-se intake

N.Y., N.Y. 10007

2016 JUN -8 PM 3:07






